ORVIS v. NATIONAL COMMERCIAL BANK OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   March 13, 1903.)

1. LEASE—BREACH OF COVENANT—INJUNCTION PENDENTE LITE.
    Under a lease of premises to be used "for the conducting of a banking business," the lessee used the premises for a while for such purposes, but subsequently, without the lessor's consent, sublet them to a restaurant keeper doing business in the adjoining building, and in order to connect the two buildings arches were cut through the intervening wall.   Plaintiff claimed that such action was a breach of a covenant in the lease, and the defense was that the restrictive words therein created at most only a condition which had been dispensed with by plaintiff.   *Held*, that an injunction restraining the further cutting of the walls and the using of the premises as a restaurant until the rights of the parties could be formally determined in the trial was properly granted.

2. SAME—CONSTRUCTION OF INJUNCTION ORDER.
    An order enjoining defendant from using premises for any other than a banking business "during the pendency of this action," is clearly only an injunction pendente lite.

Appeal from Special Term.

Action by Sarah M. Orvis, as executrix of the estate of Thomas Storm, deceased, against the National Commerical Bank of New York and another.   Defendants appeal from an order continuing an injunction during pendency of action.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Forster, for appellants.
Jacob F. Miller, for respondent.

VAN BRUNT, P. J.   The action was brought for the purpose of compelling an observance of the terms of a lease respecting the use of property.   The lease contains a clause as follows:

"That the said party of the first part has letten * * * and the said party of the second part has hired and taken * * * the first floor of the building No. 287 Broadway * * * to be used by the party of the second part for the conducting of a banking business."

The defendant bank entered into possession and used the premises for a while for banking purposes.   While negotiations were pending, or after they were terminated, looking to some arrangement for the cancellation of the lease, or subleasing to another tenant, the defendant, without the consent of the plaintiff, sublet the premises to the defendant Childs, who was conducting a restaurant business in the adjoining premises; and, for the purpose of connecting the two buildings, three arches were cut through the intervening wall, and thus communication was opened from the lunch room of the defendant Childs to the premises of the plaintiff, which had been rented to the defendant for banking purposes.   Thereupon this action was commenced, and an injunction asked for, which was obtained, and, on motion, was continued pendente lite.   The plaintiff's claim is that the action of the defendant bank was a breach of a covenant in the lease; and the defense was that the restrictive words therein created at most

only a condition, and not a covenant, and that the condition had been dispensed with by the plaintiff, and thereby extinguished.

We think that the legal questions should be reserved until the trial, and that, on the facts here appearing, it was proper to grant an injunction restraining the further cutting of the walls of the building and the using of the premises as a restaurant until the rights of the parties could be formally determined upon the trial.

The appellants insist that the Special Term, on motion, granted a permanent injunction, which form of injunction can only be awarded by final judgment. We think, however, the appellants' construction of the terms of the order is without support. That only an injunction pendente lite was granted clearly appears from the last clause in the order, which states that the defendant is enjoined "from using and occupying said premises, or any part thereof, for any other than a banking business, during the pendency of this action."

The order accordingly should be affirmed, with $10 costs and disbursements. All concur.