(53 Misc. Rep. 371.)

## CHAMBERLAIN et al. v. CHILDS' UNIQUE DAIRY CO.

(Supreme Court, Special Term, New York County. March, 1907.)

INJUNCTION—ACTS OF TENANT—DAMAGES.

 Though a tenant cut an arched opening through the wall of a building without authority, a temporary injunction will not be granted to restrain the tenant's use of the opening after its completion, where no special damage was shown and its use was not in violation of the lease.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 10, 11.]

Action by Samuel S. Chamberlain and others against the Childs' Unique Dairy Company for an injunction. Motion denied.

Hotchkiss & Barber, for plaintiffs.

C. J. Shearn, for defendant.

GREENBAUM, J. The act of the defendant in cutting an arched opening in the wall of the demised premises was surreptitious and unjustifiable. It was in violation of the express provisions of the lease and in defiance of the plaintiffs' refusal to consent thereto when permission had been asked. I have no doubt that the act of the defendant was one of waste. In such a case a tenant may be enjoined from committing the waste, where the act is being done or about to be done (Code Civ. Proc. § 1681), or the tenant may be "compelled at once to make satisfaction or to restore the premises to the condition in which he found them" (Agate v. Lowenbein, 57 N. Y. 604, 612).

It is to be observed, however, that the plaintiffs, upon this motion for an injunction pendente lite, only ask to restrain the defendant, its servants or patrons, from passing from an adjoining building occupied by it to the demised premises through the unauthorized opening, which forms a passage between the store of defendant in the adjoining building and the store in the premises in question. The opening in the wall had been made a considerable time before the commencement of this action, and the waste complained of was, therefore, a completed act. I fail to understand why an injunction as for an unlawful trespass against the defendant, its servants, agents, or customers, should be granted, in the absence of any proof of any special injury to the plaintiffs. It is not claimed that defendant is not lawfully in possession of the demised premises, or that the restaurant business conducted thereon is in violation of any covenant or provision of the lease; nor is any fact alleged that the passage of persons through the opening constitutes any injury to plaintiffs.

The case of Orvis v. National Commercial Bank, 81 App. Div. 631, 80 N. Y. Supp. 1029, is readily distinguishable from the case at bar, in that it there appeared that the business conducted under the lease was in direct violation of a covenant thereof, and it also appears that the work of alteration or waste complained of was in progress when the injunction was sought. No such state of facts is here shown.

I do not think that the desired injunction is available to plaintiffs, and the motion is therefore denied.

Motion denied.